IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ABU-BAKARR DIZO-KAMARA, JR., | : | |
| Plaintiff, | : | CIVIL ACTION |
| | : | |
| v. | : | |
| | : | |
| BRENTWOOD INDUSTRIES, | : | No. 11-4491 |
| Defendant. | : | |

MEMORANDUM

Schiller, J.                                                                                       January 19, 2012

Plaintiff Abu-Bakarr Dizo-Kamara, Jr., acting *pro se*, claims that Defendant Brentwood Industries, Inc. ("Brentwood") violated Title VII of the Civil Rights Act of 1964 by discriminating against him based on his race, religion, color, and national origin. After the Court dismissed his Complaint without prejudice for failure to state a claim, Dizo-Kamara filed an Amended Complaint. Presently before the Court is Brentwood's motion to dismiss Plaintiff's Amended Complaint for failure to state a claim. For the reasons that follow, the Court will grant the motion.

I.   **FACTUAL BACKGROUND**[1]

Dizo-Kamara is a Christian from Sierra Leone. He was placed as a temporary employee at Brentwood in September of 2010. After approximately three months, a shift supervisor at Brentwood told Dizo-Kamara that he was doing a good job and gave him an application to be hired as a permanent employee at Brentwood. Although Plaintiff continued to work hard, in March of 2011, a new temporary employee, a "young guy," began working at Brentwood. Plaintiff then approached his shift supervisor to follow up on his employment application.

---

[1] The following facts are from Plaintiff's Amended Complaint.

The next day, Plaintiff had an incident with the same shift supervisor who had provided him with a job application and with whom he had spoken about his application. Plaintiff was working on a machine with a co-worker who was unable to operate the machine as fast. The shift supervisor offered instruction to Plaintiff so that the slower worker could catch up, but "less than a minute after that, [the shift supervisor] told [Plaintiff] that [he] was not working fast enough." Dizo-Kamara alleges that his supervisor had ulterior motives for his actions. Plaintiff went to Defendant's human resources manager to report the incident with the shift supervisor, and the manager "said she understood [his] situation and told [him] that [he] should see her . . . to be hired."

Sometime thereafter, two new temporary employees began working at Brentwood, one a "young guy," and the other a man at least forty years old. Shortly after this hiring, Dizo-Kamara was working the night shift on a machine with somebody who did not move as quickly. Apparently, the human resources manager observed Plaintiff working that evening. At the end of the shift, the shift supervisor told Plaintiff not to come back to work because he was inefficient. When Plaintiff called the human resources manager the next morning, she informed him that she saw him working at the plant and she thought that he was not meeting Brentwood's expectations.

According to Plaintiff, he gave his best to Brentwood but "they deliberately refused to hire [him]."

## II.   STANDARD OF REVIEW

In reviewing a motion to dismiss for failure to state a claim, a district court must accept as true all well-pleaded allegations and draw all reasonable inferences in favor of the non-moving party. *See Bd. of Trs. of Bricklayers and Allied Craftsman Local 6 of N.J. Welfare Fund v. Wettlin Assocs.*,

237 F.3d 270, 272 (3d Cir. 2001). A court need not, however, credit "bald assertions" or "legal conclusions" when deciding a motion to dismiss. *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).

"Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). To survive a motion to dismiss, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Id*. at 570. Although the federal rules impose no probability requirement at the pleading stage, a plaintiff must present "enough facts to raise a reasonable expectation that discovery will reveal evidence of the necessary element[s]" of a cause of action. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 234 (3d Cir. 2008). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Simply reciting the elements will not suffice. *Id*. (concluding that a pleading that offers labels and conclusions without further factual enhancement will not survive motion to dismiss); *see also Phillips*, 515 F.3d at 231. The Court will construe Plaintiff's complaint liberally, as he brings this action *pro se*. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Dluhos v. Strasberg*, 321 F.3d 365, 369 (3d Cir. 2003).

The Third Circuit Court of Appeals has directed district courts to conduct a two-part analysis when faced with a 12(b)(6) motion. First, the legal elements and factual allegations of the claim should be separated, with the well-pleaded facts accepted as true but the legal conclusions disregarded. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009). Second, the court must make a common sense determination of whether the facts alleged in the complaint are sufficient to show a plausible claim for relief. *Id*. at 211. If the court can only infer the mere possibility of

misconduct, the complaint must be dismissed because it has alleged—but has failed to show—that the pleader is entitled to relief. *Id*.

### III.   DISCUSSION

Defendant contends that the Amended Complaint should be dismissed because Plaintiff has failed to alleged that he was treated differently from any other employee based on a protected category. The Court agrees.

Title VII makes it unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). To state a *prima facie* Title VII discrimination claim, a plaintiff must show that: (1) he or she is a member of a protected class; (2) he or she was qualified for the position sought; (3) he or she was nonetheless fired or not hired; and (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination. *See Waldron v. SL Indus., Inc.*, 56 F.3d 491, 494 (3d Cir. 1995). Dizo-Kamara has failed to include any factual allegations that would permit an inference of discrimination based on his color, race, national origin, or religion. With respect to Plaintiff's claim of discrimination based on his religion and national origin, the Amended Complaint fails to note whether Brentwood was even aware of Plaintiff's national origin or his religion, let alone if Defendant treated him differently than other temporary employees based on these characteristics. *See Anthony v. Duff & Phelps Corp.*, Civ. A. No. 09-3918, 2010 WL 3222188, at *6 (E.D. Pa. Aug. 12, 2010) ("Moreover, essential to her *prima facie* case is evidence that the person who decided to fire Plaintiff knew of her

membership in a protected class."); *see also Geraci v. Moody-Tottrup, Int'l, Inc.*, 82 F.3d 578, 581 (3d Cir. 1996) ("[I]t is counter-intuitive to infer that the employer discriminated on the basis of a condition of which it was wholly ignorant. . . . [C]ourts have regularly held that the plaintiff cannot make out a prima facie case of discrimination unless he or she proves that the employer knew about the plaintiff's particular personal characteristic."). Plaintiff has also failed to include any allegations that he was treated differently from others as a result of his race and/or color. Thus, the Court has before it no facts that would permit an inference that Plaintiff was not hired due to his race and/or color.

Finally, Plaintiff failed to respond to Defendant's motion to dismiss. The Eastern District of Pennsylvania's Local Rules provide that a court may grant a motion as uncontested for failure to respond. E.D. Pa. L.R. 7.1(c). A court may grant a motion to dismiss as uncontested for failure to comply with the local rules. *See Song v. Klapakas*, Civ. A. No. 06-5589, 2007 WL 1101283, at *1 n.1 (E.D. Pa. Apr. 12, 2007). Plaintiff's failure to respond to Defendant's motion thus serves as an independent basis for dismissal.

**IV.   CONCLUSION**

Plaintiff has failed to state a *prima facie* case for discrimination. Therefore, his Amended Complaint will be dismissed with prejudice. An Order consistent with this Memorandum will be docketed separately.